UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATURAL RESOURCES DEFENSE
COUNCIL, INC.; and
INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW),

                           Plaintiffs,

           v.

LOUIS DEJOY, in his official capacity
as U.S. Postmaster General, and U.S.
POSTAL SERVICE,

                        Defendants.

No. 1:22-cv-3442-AT

**DEFENDANTS' ANSWER
TO PLAINTIFFS' COMPLAINT**

Defendants Louis DeJoy, in his official capacity as U.S. Postmaster General, and the U.S. Postal Service answer Plaintiffs' complaint (ECF No. 1) as follows:

## INTRODUCTION[*]

1.    The allegations in the first sentence of paragraph 1 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first clause of the seventh sentence of paragraph 1 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The remaining allegations in paragraph 1 purport to characterize an independent agency's contract and final environmental impact

---

[*] For ease of reference, Defendants have included the section headings used in Plaintiffs' Complaint. To the extent that any allegations contained in a section heading may be deemed to require a response, the allegations are denied.

statement (EIS), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

2.     The allegations in paragraph 2 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

3.     In the first sentence of paragraph 3, Defendants admit that the Postal Service owns and operates a delivery fleet of approximately 212,000 active vehicles. The remaining allegations in paragraph 3 characterize the Postal Service's record of decision (ROD) and final EIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

4.     The allegations in the first sentence of paragraph 4 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations. In response to the allegations in the second and third sentences of paragraph 4, Defendants admit that the transportation sector accounts for greenhouse gas emissions and that vehicles with internal combustion engines emit air pollutants besides greenhouse gases. Defendants lack sufficient knowledge and information to respond to the remaining allegations in the second and third sentences of paragraph 4. To the extent a response is required, Defendants deny the allegations. Defendants lack sufficient knowledge and information to respond to the allegations in the fourth sentence of paragraph 4. To the extent a response is required, Defendants deny the allegations.

5.     In response to paragraph 5, Defendants admit that the Postal Service issued a Request For Information for its Next Generation Delivery Vehicle (NGDV) acquisition program in January 2015 and that, following an NGDV Prototype Request For Proposals, the Postal

Service awarded contracts to suppliers for prototype vehicles. Defendants also admit that, on February 23, 2021, in response to an NGDV Production Request For Proposals, the Postal Service announced a contract award to Oshkosh Defense, LLC, for the future production of NGDVs. The allegations in the third through fifth sentences of paragraph 5 characterize the contract between Oshkosh and the Postal Service, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Defendants lack sufficient knowledge and information to respond to the allegations in the sixth sentence of paragraph 5 regarding an announcement by Oshkosh.

6.      In response to the allegations in paragraph 6, Defendants admit that the Postal Service issued a notice of availability of a draft EIS on August 26, 2021. 86 Fed. Reg. 47,662. The remaining allegations in paragraph 6 purport to characterize the draft EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

7.      In response to the allegations in paragraph 7, Defendants admit that the Postal Service received written comments on the draft EIS, including from Plaintiffs. Those comments speak for themselves and are the best evidence of their contents.

8.      In response to the allegations in paragraph 8, Defendants admit that the U.S. Environmental Protection Agency (EPA) submitted written comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

9.      In response to the allegations in paragraph 9, Defendants admit that the Postal Service issued a notice of availability of a final EIS on January 7, 2022. 87 Fed. Reg. 994. The remaining allegations in paragraph 6 purport to characterize the final EIS, and agency analyses

and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

10.     In response to the allegations in the third sentence of paragraph 10 regarding the "task[s]" for which the Council on Environmental Quality (CEQ) is responsible, Defendants lack sufficient knowledge and information to respond to the allegations. In response to the remaining allegations in paragraph 10, Defendants admit that the Postal Service received letters from EPA and CEQ regarding the final EIS. Those letters speak for themselves and are the best evidence of their contents.

11.     In response to the allegations in the first three sentences of paragraph 11, Defendants admit that the Postal Service received written communications from UAW regarding the final EIS, which speak for themselves and are the best evidence of their contents. The allegations in the fourth sentence of paragraph 11 purport to characterize the Postal Service's written response to UAW's written communications regarding the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

12.     In response to the allegations in paragraph 12, Defendants admit that the Postal Service issued an ROD on February 23, 2022. *See* 87 Fed. Reg. 14,588 (Mar. 15, 2022). The remaining allegations in paragraph 12 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

13.     The allegations in paragraph 13 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

4

14.     In response to paragraph 14, Defendants admit that Plaintiffs filed a complaint challenging the referenced ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

### JURISDICTION AND VENUE

15.     The allegations in paragraph 15 constitute characterizations of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

16.     The allegations in paragraph 16 purport to characterize and quote from a provision of the Postal Reorganization Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

17.     The allegations in paragraph 17 regarding *Chelsea Neighborhood Ass'ns v. U.S. Postal Service*, 516 F.2d 378 (2d Cir. 1975), purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

18.     The allegations in paragraph 18 are conclusions of law, to which no response is required. If a response is required, Defendants deny the allegations in paragraph 18.

19.     The allegations in paragraph 19 are conclusions of law, to which no response is required. If a response is required, Defendants deny the allegations in paragraph 19.

20.     The allegations in paragraph 20 regarding *U.S. Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736 (2004), purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

21.     The allegations in paragraph 21 contain conclusions of law, to which no response is required. If a response is required, Defendants deny the allegations in paragraph 21.

22.     The allegations in paragraph 22 contain conclusions of law, to which no response is required. If a response is required, Defendants deny the allegations in paragraph 22.

23.     The allegations in paragraph 23 are statements of venue, to which no response is required.

**PARTIES**

24.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 24 and therefore deny them.

25.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 25 and therefore deny them.

26.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 26 and therefore deny them.

27.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 27 and therefore deny them.

28.     In response to the allegations in paragraph 28, Defendants admit that Essex County, New Jersey is currently designated as a non-attainment area for the 8-hour ozone standard. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore deny them.

29.     The allegations in paragraph 29 contain conclusions of law, to which no response is required. If a response is required, Defendants deny the allegations in paragraph 29.

30.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 30 and therefore deny them.

31.     Regarding the final sentence of paragraph 31, Defendants admit that UAW submitted comments on the draft EIS, which speak for themselves and are the best evidence of their contents. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore deny them.

32.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 32 and therefore deny them.

33.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 33 and therefore deny them.

34.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 34 and therefore deny them.

35.     The allegations in paragraph 35 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

36.     The allegations in paragraph 36 purport to characterize provisions of the Postal Reorganization Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

37.     The allegations in paragraph 37 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## LEGAL BACKGROUND

### The National Environmental Policy Act and Implementing Regulations

38.     The allegations in paragraph 38 purport to characterize and quote from a provision of the National Environmental Policy Act (NEPA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

39.     The allegations in paragraph 39 purport to characterize and quote from a provision of NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

40.     The allegations in paragraph 40 purport to characterize and quote from *Baltimore Gas & Electric Co. v. Natural Resources Defense Council*, 462 U.S. 87 (1983), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

41.     The allegations in paragraph 41 purport to characterize and quote from a provision of NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

42.     The allegations in paragraph 42 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

43.     The allegations in paragraph 43 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

44.     The allegations in paragraph 44 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

45.     The allegations in paragraph 45 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

46.     The allegations in paragraph 46 purport to characterize and quote from a provision of NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

47.     The allegations in paragraph 47 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

48.     The allegations in paragraph 48 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

49.     The allegations in paragraph 49 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

50.     The allegations in paragraph 50 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

51.     The allegations in paragraph 51 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

52.     The allegations in paragraph 52 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

53.     The allegations in paragraph 53 purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

54.     The allegations in paragraph 54 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

55.     The allegations in paragraph 55 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

56.     The allegations in paragraph 56 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

57.     The allegations in paragraph 57 purport to characterize and quote from NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

58.     The allegations in paragraph 58 purport to characterize and quote from a provision of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

59.     The allegations in paragraph 59 regarding *Chelsea Neighborhood Ass'ns v. U.S. Postal Service*, *supra*, purport to characterize that decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

## Postal Service's NEPA Regulations

60.     The allegations in paragraph 60 purport to characterize NEPA and quote from *Chelsea Neighborhood Ass'ns v. U.S. Postal Service*, *supra*, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

61.     The allegations in paragraph 61 purport to characterize the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

62.     The allegations in paragraph 62 purport to characterize and quote from the Postal Service's notice of intent to prepare an EIS and the notice of availability of a final EIS, which speak for themselves and are the best evidence of their contents. *See* 87 Fed. Reg. 994 (Jan. 7, 2022); 86 Fed. Reg. 12,715 (Mar. 4, 2021). Any allegations contrary to their plain language, meaning, or context are denied.

63.     The allegations in paragraph 63 purport to characterize the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

64.     The allegations in paragraph 64 purport to characterize and quote from the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

65.     The allegations in paragraph 65 purport to characterize and quote from the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

66.     The allegations in paragraph 66 purport to characterize and quote from the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

67.     The allegations in paragraph 67 purport to characterize and quote from the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

68.     The allegations in paragraph 68 purport to characterize and quote from the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

69.     The allegations in paragraph 69 purport to characterize and quote from the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

70.     The allegations in paragraph 70 purport to characterize the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

71.     The allegations in paragraph 71 purport to characterize and quote from the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

72.     The allegations in paragraph 72 purport to characterize and quote from the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Existing Postal Service Fleet

73.     In the first sentence of paragraph 73, Defendants admit that the Postal Service owns and operates a delivery fleet of approximately 212,000 active vehicles. The remaining allegations in paragraph 73 purport to characterize and quote from the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

74.     The allegations in paragraph 74 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

75.     The allegations in paragraph 75 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

76.     In response to the allegations in paragraph 76, Defendants admit that the final EIS states that the existing vehicle fleet includes "approximately 135,000 purpose built [Long-Life Vehicles]," and that "the average annual maintenance cost of the [Long-Life Vehicles] exceeds $5,000 for 93 percent of those vehicles, and $10,000 for seven percent of those vehicles.

77.     The allegations in paragraph 77 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

78.     The allegations in paragraph 78 purport to characterize the final EIS and ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

13

79.     The allegations in paragraph 79 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

**Mitigating the Impacts of Air Pollution and Climate Change with Electric Vehicles**

80.     In response to the allegations in paragraph 80, Defendants admit that the transportation sector accounts for greenhouse gas emissions, that gasoline is a fossil fuel, that gasoline may power internal combustion engines to power vehicles, and that internal combustion engines emit greenhouse gas emissions. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 80 and therefore deny them.

81.     In response to the allegations in paragraph 81, Defendants admit that vehicles with internal combustion engines emit air pollutants besides greenhouse gases. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 81 and therefore deny them.

82.     In response to the allegations in paragraph 82, Defendants admit that fully electric vehicles are not powered with gasoline and emit no tailpipe emissions. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 81 and therefore deny them.

83.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 83 and therefore deny them.

84.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 84 and therefore deny them.

85.     In response to the allegations in paragraph 85, Defendants admit that the Postal Service previously evaluated electric delivery vehicles. The remaining allegations in paragraph 85 constitute Plaintiffs' characterizations of agency decisions, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

86.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 86 and therefore deny them.

87.     The allegations in paragraph 87 purport to characterize Executive Order Nos. 14057 and 14008, which speak for themselves and are the best evidence of their contents. 86 Fed. Reg. 70,935 (Dec. 13, 2021); 86 Fed. Reg. 7,619 (Jan. 27, 2021). Any allegations contrary to their plain language, meaning, or context are denied.

**Postal Service Delivery Vehicle Acquisition and NEPA Process**

88.     In response to the allegations in paragraph 88, Defendants admit that the Postal Service issued a Request For Information for its NGDV acquisition program in January 2015 and that, following an NGDV Prototype Request for Proposals, the Postal Service awarded contracts to suppliers for prototype vehicles. The remaining allegations in paragraph 88 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

89.     In response to the allegations in paragraph 89, Defendants admit that the Postal Service issued a Request For Proposals for NGDV production vehicles to certain prototype suppliers in December 2019.

90.     In response to the allegations in paragraph 90, Defendants admit that, on February 23, 2021, the Postal Service announced a contract award to Oshkosh Defense, LLC, for the

future production of NGDVs. The remaining allegations in paragraph 90 purport to characterize the contents of a Postal Service press release, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

91.     In response to the allegations in paragraph 91, Defendants admit that the Postal Service published a notice of intent to prepare an EIS on March 4, 2021, which speaks for itself and is the best evidence of its contents. 86 Fed. Reg. 12,715. Any allegations contrary to its plain language, meaning, or context are denied.

92.     The allegations in paragraph 92 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

93.     The allegations in paragraph 93 are denied.

94.     The allegations in paragraph 94 purport to characterize and quote from an agency's contract, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

95.     The allegations in paragraph 95 purport to characterize and quote from an agency's contract, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

96.     The allegations in paragraph 96 purport to characterize and quote from an agency's contract, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

97.     The allegations in paragraph 97 purport to characterize and quote from the Request For Proposals for NGDV production, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

98.     The allegations in the first and second sentences of paragraph 98 purport to characterize and quote from an agency task order, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 98 purport to characterize and quote from the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

99.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 99 and therefore deny them.

100.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 100 and therefore deny them.

**Draft Delivery Vehicle EIS**

101.     In response to the allegations in paragraph 101, Defendants admit that the Postal Service issued a notice of availability of a draft EIS on August 26, 2021. 86 Fed. Reg. 47,662. The remaining allegations in paragraph 101 purport to characterize the draft EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

102.     The allegations in paragraph 102 purport to characterize the draft EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

103.     The allegations in paragraph 103 purport to characterize the draft EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

104.    The allegations in paragraph 104 purport to characterize the draft EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

105.    The allegations in paragraph 105 purport to characterize the draft EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

106.    In response to the allegations in paragraph 106, Defendants admit that NRDC submitted comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

107.    In response to the allegations in paragraph 107, Defendants admit that UAW submitted comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

108.    The allegations in paragraph 108 purport to characterize UAW's comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

109.    The allegations in paragraph 109 purport to characterize UAW's comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The allegations regarding a "violat[ion]" of NEPA and its implementing regulations constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations.

110.    In response to the allegations in paragraph 110, Defendants admit that EPA submitted comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

111.    The allegations in paragraph 111 purport to characterize EPA's comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

112.    The allegations in paragraph 112 purport to characterize EPA's comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

### Final Delivery Vehicle EIS

113.    In response to the allegations in paragraph 113, Defendants admit that the Postal Service issued a notice of availability of a final EIS on January 7, 2022. 87 Fed. Reg. 994.

114.    The allegations in paragraph 114 purport to characterize and quote from the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

115.    The allegations in paragraph 115 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

116.    The allegations in paragraph 116 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

117.    The allegations in paragraph 117 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

118.    The allegations in paragraph 118 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

119.    The allegations in paragraph 119 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

120.    The allegations in paragraph 120 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

121.    The allegations in paragraph 121 purport to characterize and quote from the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

122.    In response to the allegations in paragraph 122, Defendants admit that the Postal Service Office of Inspector General issued a report in March 2022, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

123.    The allegations in paragraph 123 purport to characterize and quote from the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

124.    The allegations in paragraph 124 regarding a "suggesti[on]" in "NRDC's comments and others" purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The remaining allegations in paragraph 124 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

125.    The allegations in the second clause of the first sentence of paragraph 125 purport to characterize comments on the draft EIS, which speaks for themselves and are the best evidence of their contents. The remaining allegations in paragraph 125 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

126.    Defendants lack sufficient knowledge and information to respond to the allegation in the first sentence of paragraph 126 that "the most expensive component for an EV is a battery," and to respond to the allegations in the third sentence of paragraph 126.  To the extent a response is required, Defendants deny the allegations. The remaining allegations in paragraph 126 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

127.    Defendants lack sufficient knowledge and information to respond to the allegations in the first sentence of paragraph 127. To the extent a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in paragraph 127.

128.    In response to the allegations in paragraph 128, Defendants admit that certain analyses in the final EIS are based on an estimated 21.05 miles per day of average travel route per Postal Service delivery vehicle.

129.    The allegations in paragraph 129 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

130.    The allegations in paragraph 130 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

131.    The allegations in paragraph 131 purport to characterize a report of the Postal Service Office of Inspector General, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

132.    The allegations in the first sentence of paragraph 132 purport to characterize a report of the Postal Service Office of Inspector General, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The remaining allegations in paragraph 132 purport to characterize the final EIS, the draft EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

133.    Defendants lack sufficient knowledge and information to respond to the allegations in paragraph 133. To the extent a response is required, Defendants deny the allegations.

134.    The allegations in the first clause of paragraph 134 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The allegations in the second clause of paragraph 134 purport to characterize the draft and final EIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

135.    The allegations in the first and third sentences of paragraph 135 purport to characterize a report of the Postal Service Office of Inspector General, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning,

or context are denied. The allegations in the second sentence of paragraph 135 purport to characterize statements made to Congress by a representative of the Postal Service Office of Inspector General, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 135 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

136.    The allegations in paragraph 136 purport to characterize the draft and final EIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

137.    Defendants lack sufficient knowledge and information to respond to the allegations in the first six sentences of paragraph 137. To the extent a response is required, Defendants deny the allegations. The allegations in paragraph 137 concerning "stale" information are ambiguous and vague, and, on that basis, Defendants deny the allegations. The allegations in the seventh sentence of paragraph 136 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

138.    The allegations in the first sentence of paragraph 138 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence, and the first clause of the third sentence, of paragraph 138 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The remaining allegations in paragraph 138 purport to characterize the final EIS, and agency analyses and data, which speak for

themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

139.    The allegations in paragraph 139 regarding "EPA's calculations" purport to characterize EPA comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The remaining allegations in paragraph 139 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

140.    The allegations in paragraph 140 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

141.    The allegations in paragraph 141 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

142.    The allegations in paragraph 142 purport to characterize and quote from the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

143.    The allegations in the first sentence of paragraph 143 regarding "substantive comments," and in the second sentence of paragraph 143 regarding "EPA's specific comments," purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The remaining allegations in paragraph 143 purport to characterize the contract between Oshkosh and the Postal Service, the final EIS, and agency analyses and

data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

144.    The allegations in paragraph 144 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

145.    The allegations in the first clause of paragraph 145 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The remaining allegations in paragraph 145 purport to characterize the final EIS, which speaks itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

146.    The allegations in paragraph 146 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

147.    The allegations in paragraph 147 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

148.    The allegations in paragraph 148 that "[t]he final EIS did not evaluate commercially available 'off the shelf' Class 2b-3 vehicles" purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. Defendants lack sufficient knowledge and information to respond to the remaining allegations in paragraph 148. To the extent a response is required, Defendants deny the allegations.

149.    The allegations in paragraph 149 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

150.    The allegations in paragraph 150 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

151.    The allegations in paragraph 151 purport to characterize the draft and final EIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

152.    The allegations in paragraph 152 purport to characterize and quote from the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

153.    The allegations in the first three sentences, and the ninth and tenth sentences, of paragraph 153 purport to characterize UAW's communications regarding the final EIS, which speak for themselves and are the best evidence of their contents. The allegations in the fourth through sixth sentences of paragraph 153 purport to characterize and quote from comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The allegations in the seventh and eighth sentences of paragraph 153 purport to characterize the final EIS and ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

154.    The allegations in the first sentence of paragraph 154 purport to characterize the Postal Service's written response to communications from UAW regarding the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain

26

language, meaning, or context are denied. In response to the allegations in the second sentence of paragraph 154, Defendants admit that UAW sent a reply to the Postal Service's written response, which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 154 purport to characterize email correspondence from the Postal Service to UAW, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

155.    In response to the allegations in paragraph 155, Defendants admit that EPA submitted a letter in response to the final EIS, which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 155 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

156.    The allegations in paragraph 156 purport to characterize an EPA letter, which speaks for itself and is the best evidence of its contents.

157.    The allegations in paragraph 157 purport to characterize an EPA letter, which speaks for itself and is the best evidence of its contents.

158.    The allegations in paragraph 158 purport to characterize an EPA letter, which speaks for itself and is the best evidence of its contents.

159.    In response to the allegations in paragraph 159, Defendants admit that CEQ submitted a letter in response to the final EIS, which speaks for itself and is the best evidence of its contents.

160.    The allegations in paragraph 160 purport to characterize and quote from a CEQ letter, which speaks for itself and is the best evidence of its contents.

161.    The allegations in paragraph 161 purport to characterize and quote from a CEQ letter, which speaks for itself and is the best evidence of its contents.

### Record of Decision

162.    In response to the allegations in paragraph 162, Defendants admit that the Postal Service issued an ROD on February 23, 2022. *See* 87 Fed. Reg. 14,588 (Mar. 15, 2022).

163.    The allegations in paragraph 163 purport to characterize and quote from the Federal Register notice of the issuance of the ROD, which speaks for itself and is the best evidence of its contents. 87 Fed. Reg. 14,589. Any allegations contrary to its plain language, meaning, or context are denied.

164.    The allegations in paragraph 164 purport to characterize the notice of the issuance of the ROD, which speaks for itself and is the best evidence of its contents. 87 Fed. Reg. 14,589. Any allegations contrary to its plain language, meaning, or context are denied.

165.    The allegations in paragraph 165 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

166.    The allegations in paragraph 166 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

167.    The allegations in paragraph 167 regarding the Postal Service's "response" purport to characterize the ROD, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in paragraph 167 regarding the EPA's "suggested

alternatives" purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

168.     The allegations in paragraph 168 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

169.     The allegations in the first sentence of paragraph 169 purport to characterize an EPA letter, which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 169 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

170.     The allegations in paragraph 170 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

171.     The allegations in the first and second sentences of paragraph 171 purport to characterize the ROD, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 171 and, on that basis, deny the allegations.

172.     The allegations in paragraph 172 purport to characterize the draft and final EIS, ROD, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

The allegations in the first sentence of paragraph 172 concerning "stale" information are ambiguous and vague, and, on that basis, Defendants deny the allegations.

173.    The allegations in paragraph 173 purport to characterize the ROD, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

174.    The allegations in the first clause of the first sentence of paragraph 174 purport to characterize an EPA letter, which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 174 purport to characterize the ROD, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

175.    The allegations in the first clause of the first sentence of paragraph 175 purport to characterize an EPA letter, which speaks for itself and is the best evidence of its contents. The allegations in the second clause of the first sentence of paragraph 175 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations.

176.    The allegations in the second sentence of paragraph 176 regarding "commenters' charge," and in the part of the third sentence of paragraph 176 before the semicolon, purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The allegations in the part of the third sentence of paragraph 176 after the semicolon purport to characterize UAW's communications about the final EIS, which speak for themselves and are the best evidence of their contents. The allegations in the fourth sentence of

30

paragraph 176 regarding "issues" raised by EPA purport to characterize an EPA letter, which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 176 purport to characterize the ROD, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

177.    In response to the allegations in the first sentence of paragraph 177, Defendants admit that the Postal Service has not publicly disclosed details about Oshkosh's bid that contain confidential and proprietary information, or disclosed information in the contract between the Postal Service and Oshkosh that is confidential and proprietary, but that the final EIS discloses all details concerning the bid and contract that were relevant to the Postal Service's analysis of potential environmental impacts. The allegations in the second sentence of paragraph 177 purport to characterize the final EIS and the ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

178.    The allegations in paragraph 178 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

179.    The allegations in the first clause of paragraph 179 purport to characterize an EPA letter, which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 179 purport to characterize and quote from the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

180.    The allegations in paragraph 180 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

181.    The allegations in paragraph 181 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

182.    The allegations in paragraph 182 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

183.    Regarding the allegations in paragraph 183, Defendants admit that the Postal Service's Vice President of Supply Management signed the ROD.

184.    In response to the allegations in paragraph 184, Defendants admit that, on March 24, 2022, the Postal Service placed an order with Oshkosh for the production of delivery vehicles. The order speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

## FIRST CLAIM FOR RELIEF
### (Violation of NEPA, USPS Regulations, and CEQ Regulations— Unlawful Issuance of Contract and Commitment of Irretrievable Resources Prior to Analysis of Environmental Impacts)

185.    Defendants incorporate by reference their responses to paragraphs 1-184 above.

186.    The allegations in paragraph 186 purport to characterize CEQ's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

187.   The allegations in paragraph 187 purport to characterize the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

188.   The allegations in paragraph 188 purport to characterize a contract between the Postal Service and Oshkosh, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

189.   The allegations in paragraph 189 purport to characterize the ROD, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

190.   The allegations in paragraph 190 purport to characterize a contract between the Postal Service and Oshkosh, and the final EIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

191.   The allegations in paragraph 191 purport to characterize a contract between the Postal Service and Oshkosh, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

192.   The allegations in paragraph 192 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

### SECOND CLAIM FOR RELIEF
**(Violation of NEPA, USPS Regulations, and CEQ Regulations—
Failure to Include and Analyze Reasonable Alternatives)**

193.   Defendants incorporate by reference their responses to paragraphs 1-184 above.

194.    The allegations in paragraph 194 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

195.    The allegations in paragraph 195 purport to characterize CEQ's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

196.    The allegations in paragraph 196 purport to characterize the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

197.    The allegations in paragraph 197 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

198.    The allegations in the first clause of paragraph 198 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second clause of paragraph 198 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

199.    The allegations in the first clause of the second sentence of paragraph 199 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The remaining allegations in paragraph 199 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

200.    The allegations in the first clause of paragraph 200 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second clause of paragraph 200 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

201.    The allegations in paragraph 201 regarding what the Postal Service "consider[ed]" purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in paragraph 201 regarding "alternatives proposed" by UAW purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

202.    The allegations in the first sentence and the first clause of the second sentence of paragraph 202 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second clause of the second sentence of paragraph 202 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

203.    The allegations in paragraph 203 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

**THIRD CLAIM FOR RELIEF**
**(Violation of NEPA, USPS Regulations, and CEQ Regulations—**
**Failure to Disclose Assumptions and Take "Hard Look" at**
**Environmental Impacts and Costs)**

204.    Defendants incorporate by reference their responses to paragraphs 1-184 above.

205.    The allegations in the first sentence of paragraph 205 regarding *Natural Resources Defense Council v. FAA*, 564 F.3d 549 (2d Cir. 2009), purport to characterize that decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 205 regarding *National Audubon Society v. Hoffman*, 132 F.3d 7 (2d Cir. 1997), purport to characterize that decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 205 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

206.    The allegations in paragraph 206 purport to characterize CEQ's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

207.    The allegations in paragraph 207 purport to characterize the Postal Service's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

208.    The allegations in paragraph 208 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

209.    The allegations in paragraph 209 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

210.    The allegations in paragraph 210 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents.

211.    The allegations in paragraph 211 purport to characterize the final EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

212.    The allegations in paragraphs 212 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

213.    The allegations in paragraph 213 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

214.    The allegations in paragraph 214 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

215.    The allegations in the last clause of the first sentence of paragraph 215 purport to characterize comments on the draft EIS, which speak for themselves and are the best evidence of their contents. The remaining allegations in paragraph 215 purport to characterize the final EIS, and agency analyses and data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

216.    The allegations in paragraph 216 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations and deny that Plaintiffs are entitled to relief.

**FOURTH CLAIM FOR RELIEF**
**BROUGHT ON BEHALF OF UAW ONLY**
**(Violation of NEPA, USPS Regulations, and CEQ Regulations—**
**Failure to Reasonably Respond to Comments)**

217.    Defendants incorporate by reference their responses to paragraphs 1-184 above.

218.    The allegations in the first sentence of paragraph 218 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second and third sentences of paragraph 218 regarding *DOT v. Public Citizen*, 541 U.S. 752 (2004), purport to characterize and quote from that decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

219.    The allegations in paragraph 219 purport to characterize CEQ's NEPA regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

220.    The allegations in paragraph 220 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

221.    The allegations in the first sentence of paragraph 221 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations. The allegations in the first clause of the second sentence of paragraph 221 purport to characterize the ROD, and communications from the Postal Service, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second clause of the second sentence of paragraph 221 purport to characterize UAW's communications regarding the final EIS, which speak for themselves and are the best evidence of their contents.

222.    The allegations in paragraph 222 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny those allegations.

## PLAINTIFFS' REQUEST FOR RELIEF

The remaining paragraphs of the Complaint, listed (a) through (e), constitute Plaintiffs' request for relief, to which no response is required. To the extent a further response may be required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      To the extent that Plaintiffs have failed to state a claim on which relief can be granted, any such claims should be dismissed.

2.      To the extent Plaintiffs failed to identify one or more of their claims during the administrative process, any such claims should be dismissed.

3.      To the extent that the Court lacks jurisdiction over some or all of Plaintiffs' claims, any such claims should be dismissed.

4.      To the extent Plaintiffs lack standing to raise some or all of their claims, any such claims should be dismissed.

5.      To the extent that some or all of Plaintiffs' claims are moot or not ripe for adjudication, any such claims should be dismissed.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever, and thus request that the Court dismiss the Complaint with prejudice, render judgment for Defendants, and order such other and further relief as it may allow.

Respectfully Submitted,

*/s/ Robert W. Hamburg*
Robert W. Hamburg
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
rhamburg@mayerbrown.com

Timothy S. Bishop
Brett E. Legner
Avi M. Kupfer
Clare E. Myers
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
tbishop@mayerbrown.com
blegner@mayerbrown.com
akupfer@mayerbrown.com
cmyers@mayerbrown.com

Miriam R. Nemetz
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
mnemetz@mayerbrown.com

*Counsel for Defendants Louis DeJoy and U.S. Postal Service*

July 5, 2022