Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

**Timothy S. Bishop**

T: 312-701-7829
tbishop@mayerbrown.com

August 3, 2022

VIA ECF AND EMAIL

Hon. Analisa Torres
U.S. District Court, Southern District of New York
David Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Natural Resources Defense Council, Inc. v. DeJoy*, No. 22-cv-3442-AT

Dear Judge Torres:

Defendants Louis DeJoy and U.S. Postal Service request that the Court briefly stay proceedings in the above-captioned case until after the Judicial Panel on Multidistrict Litigation (JPML) decides the pending motion to coordinate pretrial proceedings in this case, and all other challenges to the U.S. Postal Service's Next Generation Delivery Vehicle (NGDV) Acquisitions program, before a single judge. Earlier this week, the District Court for the Northern District of California entered a stay sua sponte of two pending challenges to the NGDV Acquisitions program in light of the pending JPML proceedings. For the reasons set out below, we request that this Court do the same.

This is Defendants' first request for a stay of proceedings. A stay will conserve judicial resources and avoid the risks of inconsistent rulings and duplicative briefing, and will not prejudice any party. Plaintiffs have indicated that they oppose a stay that includes the existing deadlines for the administrative record.

## BACKGROUND

Plaintiffs are challenging the Postal Service's record of decision implementing the NGDV Acquisitions program. *See* ECF No. 1. The record of decision authorizes the Postal Service to purchase 50,000 to 165,000 purpose-built NGDVs to replace its aging delivery fleet. *See* 87 Fed. Reg. 14,588, 14,589 (Mar. 15, 2022). Plaintiffs broadly allege that the record of decision violates the Administrative Procedure Act and the National Environmental Policy Act. ECF No. 1 ¶¶ 185-222. Most of Plaintiffs' claims are substantively identical to claims of other plaintiffs who have brought two lawsuits in the Northern District of California challenging the same Postal Service program. *See* Memorandum in Support of Motion for Transfer of Actions ("Transfer Memo.") 3, 6-8, *In re U.S. Postal Service's NGDV Acquisitions Program*, MDL No. 3046 (J.P.M.L. July 22, 2022) (ECF No. 1-1).

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

On July 22, the Postal Service moved the JPML to transfer all pending actions challenging the NGDV Acquisitions program for coordination of pretrial proceedings before the District Court for the District of Columbia. Transfer Memo. 1. Pursuant to JPML rules, a copy of that motion was filed with the clerk of this Court, and the Postal Service also provided a courtesy copy to this Court. *See* Proof of Service 1, *In re U.S. Postal Service's NGDV Acquisitions Program*, MDL No. 3046 (J.P.M.L. July 22, 2022) (ECF No. 1-8); 07/22/2022 Letter from Brett E. Legner; *see* J.P.M.L. R. 4.1(a). Given the near-identical claims challenging the same agency action, and the single administrative record that will be provided in these cases, the lawsuits are most appropriately resolved at the pre-trial stage in centralized proceedings. Transfer Memo. 2. Briefs opposing transfer are due August 15.

On August 1, the Northern District of California sua sponte stayed the two actions pending before it in "light of the pending JPML proceedings." Order, *California v. USPS*, No. 3:22-cv-2583 (N.D. Cal. Aug. 1, 2022) (ECF No. 103); Order, *CleanAirNow v. DeJoy*, No. 3:22-cv-2576 (Aug. 1, 2022) (ECF No. 49). The court's orders stay all proceedings – including pending deadlines for the Postal Service to file answers, joint motions for protective orders, and certified lists of the administrative record.

In this action, the Postal Service has filed an answer. The parties' joint motion for a protective order is due August 22, and the Postal Service's certified list of the contents of the administrative record is due August 29. ECF No. 44. Under the case management order, soon after those filings the Postal Service would serve copies of the record on Plaintiffs' counsel at which point Plaintiffs could file motions challenging the contents of the administrative record or a motion for summary judgment. ECF No. 37 at 2-3. A case management conference is scheduled for September 29. *Id.* at 7.

**ARGUMENT**

A district court has inherent authority to stay judicial proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Delgado v. N.J. Transit Rail Operations, Inc.*, 329 F.R.D. 506, 507 (S.D.N.Y. 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "It is common for courts to stay an action pending a transfer decision by the JPML." *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015).

In determining whether to stay proceedings pending a transfer decision, this Court considers "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020). Those factors support a stay of this litigation pending a decision by the JPML.

A brief delay of proceedings will not prejudice Plaintiffs. As the Northern District of California recognized, a brief stay of the lawsuits challenging the NGDV Acquisitions program is

appropriate due to the pending JPML proceedings. The JPML is expected to decide the matter "within a short period after arguments are held." David F. Herr, *Multidistrict Litigation Manual* § 4:27 (2022). "[S]hort delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff," *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) – especially given the "relatively short . . . duration" of stays pending decisions by the JPML, *Ritchie*, 87 F. Supp. 3d at 471. This case is in the early procedural stages. Given the early posture of the case and the anticipated brevity of the stay while the JPML decides the transfer motion, there will be no prejudice to Plaintiffs. And if the cases are coordinated by the JPML, "more time may well be saved than . . . lost." *Royal Park*, 941 F. Supp. 2d at 372.

Continuing proceedings pending a decision from the JPML risks hardship for the Postal Service. If proceedings are not stayed, the Postal Service may be forced to defend against motions regarding the contents of the administrative record, or even the merits of the case, before the JPML renders a decision on transfer. Deciding those issues now runs the risk of rulings that are inconsistent with eventual rulings in either the stayed Northern District of California actions or the multidistrict litigation court that may conduct all pretrial proceedings in the multiple challenges to the NGDV Acquisitions program. *Royal Park*, 941 F. Supp. 2d at 372-73. At a minimum, the Postal Service would be forced to expend resources litigating issues that ultimately may be decided by a different court, which counsels in favor of a stay. *Rojas v. Teva Pharms. USA, Inc.*, No. 20-cv-6448, 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020).

The risks of inconsistent rulings and waste of judicial and party resources is implicated as much by the administrative record filings due in this Court starting on August 22 as by later motions. In each of the three cases, the parties have undertaken to file joint motions for a protective order prior to the Postal Service filing the certified index of the administrative record, and then the Postal Service will provide the administrative record to the plaintiffs once a protective order is entered. The need for the Postal Service to negotiate a protective order with diverse state, environmental interest group, and union plaintiffs in three cases – and the possible need to litigate disagreements over the scope of that order – counsels for a stay that will allow the multidistrict litigation court to oversee the protective order on a coordinated basis. Proceeding with administrative record filings in this case while the Northern District of California cases are stayed would frustrate the Postal Service's effort to coordinate negotiations regarding the substance of a proposed protective order.

The interests of the courts and the public are served by a stay. A "fundamental goal" of multidistrict litigation is conserving judicial resources. *Royal Park*, 941 F. Supp. 2d at 373. A stay pending a transfer decision by the JPML will serve that interest by avoiding the possibility of duplicative briefing regarding the record or the merits. The cases under consideration for coordination involve several near-identical claims, and will be decided based on the Postal Service's administrative record, identical copies of which will be sent to counsel in all of those cases. Transfer Memo. 3, 6-8. Judicial economy strongly supports a stay while the JPML considers whether those common legal questions, applied to a common set of facts, should be decided by a single court. *See Johnson v. Starbucks Corp.*, 2018 WL 3159689, at *2-3 (N.D. Cal. June 28,

2018). This Court has recognized that conserving judicial resources also serves "the interests of . . . the public." *Catskill Mountains Chapter of Trout Unlimited, Inc.*, v. U.S. EPA, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009); *see Readick v. Avis Budget Group, Inc.*, 2014 WL 1683799, at *6 (S.D.N.Y. Apr. 28, 2014).

* * * * *

For these reasons, the Postal Service requests that this Court grant this motion and stay the litigation pending the JPML's decision whether to transfer this action.

Respectfully submitted,

/s/ Timothy S. Bishop
Timothy S. Bishop