Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

**Timothy S. Bishop**

T: 312-701-7829
tbishop@mayerbrown.com

August 11, 2022

VIA ECF AND EMAIL

Hon. Analisa Torres
U.S. District Court, Southern District of New York
David Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Natural Resources Defense Council, Inc. v. DeJoy*, No. 22-cv-3442-AT

Dear Judge Torres:

The U.S. Postal Service submits this reply in support of its request (ECF No. 45) to stay proceedings until the Judicial Panel on Multidistrict Litigation (JPML) decides the motion to coordinate pretrial proceedings in all challenges to the Next Generation Delivery Vehicle (NGDV) program. Argument on the JPML motion has been set for September 29.

Because Plaintiffs' opposition (ECF No. 46) objects only to a stay of the administrative record deadlines, the Court should at a minimum stay the remainder of the litigation. The Postal Service requests a stay of the record deadlines as well, and Plaintiffs' opposition does not provide compelling reasons for proceeding while the other challenges to the NGDV program are stayed.

First, Plaintiffs' suggestion (ECF No. 46 at 1-2) that it is untoward for the Postal Service to request a stay after agreeing to the current record deadlines disregards the key intervening event: Last week the Northern District of California sua sponte stayed two lawsuits challenging the NGDV program pending a JPML decision. And it did so after the parties had proposed similar record deadlines. To continue proceedings while those actions are stayed would waste judicial and party resources, risk inconsistent rulings, and frustrate the Postal Service's effort to coordinate the contents of a proposed protective order. ECF No. 45 at 3. Plaintiffs' opposition does not dispute that continuing proceedings would preclude coordination of a proposed protective order across cases, and it does not even acknowledge the Northern District of California's stay orders.

Second, Plaintiffs contend that a stay would prejudice their ability to litigate because the Postal Service has only until March 2023 to modify the electric/gas mix for the first 50,000 vehicles purchased through the NGDV program. ECF No. 46 at 3 (citing Quigley Decl. ¶ 18, ECF No. 42). Plaintiffs are incorrect that the Postal Service cannot adjust the electric/gas vehicle mix after then. The declaration cited by Plaintiffs does not say that. It states that modifying the mix after March 2023 may cause "delay in production delivery," which is scheduled to begin "late in 2023." Quigley Decl. ¶ 18. In fact, the Postal Service is currently supplementing its environmental review for the NGDV program to consider a substantial modification to the electric/gas mix of the

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Analisa Torres
August 11, 2022
Page 2

first 50,000 vehicles to include "a significantly higher percentage of [electric vehicles], and certainly not less than 50 percent." 87 Fed. Reg. 43,561, 43,561 (July 21, 2022).

    For these reasons and the reasons in the Postal Service's motion, the Court should take the same approach as the Northern District of California and stay the litigation pending the JPML's transfer decision.

    Respectfully submitted,

    /s/ Timothy S. Bishop
    Timothy S. Bishop